SDNY PRO SE OFFICE
2023 APR 19 PM

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Regina Lewis
_____
Write the full name of each plaintiff.

-against-

Housing and Urban
Development Lynne M.
Patton
_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

*See attached Affidavit*

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _Regina Leuss_ (Plaintiff's name), is a citizen of the State of

_New York_
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _Lynne M. Patton_, is a citizen of the State of
(Defendant's name)

_New York_

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _HUD_, is incorporated under the laws of

the State of _New York_

and has its principal place of business in the State of _New York_

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_Regina_          _D_          _Lewis_
First Name      Middle Initial    Last Name

_21 Kemmey Ct._
Street Address

_Orange_              _NY_         _12550_
County, City          State        Zip Code

_____          _____
Telephone Number                  Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: HUD
First Name — Last Name

Current Job Title (or other identifying information)
26 Federal Plaza
Current Work Address (or other address where defendant may be served)
New York    New York    10278
County, City    State    Zip Code

Defendant 2: Lynne Patton
First Name — Last Name

former Regional Administer
Current Job Title (or other identifying information)
former 26 Federal Plaza
Current Work Address (or other address where defendant may be served)
New York    NY    10278
County, City    State    Zip Code

Defendant 3:
First Name    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City    State    Zip Code

Defendant 4:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                   Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: 26 Federal Plaza New York, NY 10278

Date(s) of occurrence: July 10, 2018

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

On 7-10-18, Lynne M. Patton did discriminate when she falsified derrogative information against me. She also engaged in violation of the fair housing act. See attached affidavit and exhibits

Page 5

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

economic loss, slander and defemation

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

Value of economic loss for the past 13 years since 2010. Stipulation as the in house oversight organization to clean up the newburgh Housing Authority.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_4-13-23_    _Regina Lewis_
Dated        Plaintiff's Signature

_Regina_    _D_    _Lewis_
First Name  Middle Initial  Last Name

_21 Kemmey Ct._
Street Address

_Orange_  _Newburgh_  _NY_  _12550_
County, City    State    Zip Code

_____    _____
Telephone Number           Email Address (if available)


I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

**U.S. Department of Housing and Urban Development**
New York State Office
Jacob K. Javits Federal Building
26 Federal Plaza
New York, New York 10278-0068
http://www.hud.gov/local/nyn/nynopen.html

JUL 1 8 2018

Ms. Felicia Lewis
P.O. Box 750
Newburgh, New York 12551

Subject: Section 8 Voucher Reinstatement Request
Reference Number CTS-2018-AHFD-EXEC-02179
PIH Status Number 18-05251435, 18-06061153

Dear Ms. Lewis:

I am in receipt of your letter dated May 22, 2018, concerning the Newburgh Housing Authority (NHA). Thank you for writing to our Department to share your concerns.

You are requesting the NHA to reinstate your Section 8 Housing Choice voucher assistance.

The New York Office of Public Housing contacted the NHA on your behalf. NHA informed this office that you were issued a Section 8 Voucher on July 2, 2010 with an expiration date of 9/2/2010. On 8/25/2010 the NHA approved an extension on your voucher to provide you with additional time to search for a unit. On 9/13/2010, you found a unit and submitted a request for lease approval. On 9/28/2010, the NHA conducted a Housing Quality Standard (HQS) inspection of the unit with failing results. In addition, your voucher has since expired due to your failure to locate an acceptable unit within the allotted time.

With regards to your filed complaint of May 11, 2011, with the federal district court, against the NHA stating that you were improperly terminated from the Section 8 program. Please note that the NHA's records indicate that you have demonstrated a history of violent criminal activity towards the NHA and local government officials. As such, and in accordance with 24CFR 982.553, the NHA may prohibit admission of any household to the program for violent criminal activity which may threaten or undermine the health or safety of all persons involved in the administration of the housing program.

In conclusion, since this litigation remains open, it's left up to the courts and both parties involved to decide on a settlement. Based on the information provided by both parties, the NHA is operating in compliance with the Department of Housing and Urban Development's (HUD) regulations. Accordingly, we have no basis to intervene any further.

If you have any questions regarding this information, please contact Deborah Rodriguez Elmuza, Portfolio Management Specialist, at Deborah.Rodriguez-Elmuza@hud.gov or (212) 542-7635.

Sincerely,

Lynne M. Patton
Regional Administrator
Region II-New York/New Jersey

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

REGINA LEWIS                                              *Affidavit*
    Plaintiff,

v.

HOUSING AND URBAN DEVELOPMENT
LYNNE M. PATTON
    Defendant,

---

    I certify that the claims I wish to present are new claims never raised and disposed of on the merits by any federal court. See *In Re Reverend Clovis Carl Green, Jr, 669 F.2d 779 (D.C. Cir. 1981).* On July 10th, 2018.

    In response to my complaint, Ms. Patton, said, "the Newburgh Housing Authority's records indicate that you have demonstrated a history of violent criminal activity towards the NHA and local government officials." "As such, and in accordance with 24 CFR 982.553 the Newburgh Housing Authority may prohibit admission of any household to the program for violent criminal activity which may threaten or undermine the health and safety of all persons involved in the administration of the housing program." I have never been charged or convicted of a violent offense against an employee or Board Member of the Newburgh Housing Authority or any local government official. (24 CFR § 982.553 applies to criminals and alcoholic abusers. This Code of Federal Regulations is inapplicable to my situation.

    According to the CNN and the New York Times, Ms. Lynne M. Patton, was designated in June 2017 by President Donald Trump to head Region II of the United States Department of Housing and Urban Development (HUD), which oversees New York and New Jersey, and remained in the role until Trump left office in January 2021. Ms. Patton was twice found to have violated the Hatch Act, a federal law restricting the political activities of federal executive-branch employees, and in 2021 was fined and barred from government service for four years.

    Before she was appointed to HUD, Patton worked as an event planner for the Trump family, including planning the wedding of Eric Trump and helping to run the Eric Trump Foundation. She was a speaker at the 2016 Republican National Convention.

1

While Ms. Patton had claimed the White House signed off on her involvement, a federal agency on Tuesday found that Ms. Patton had violated a federal law known as the Hatch Act that bars most federal employees from using their government position to engage in political activities. Ms. Patton admitted to the violation, the agency said, and agreed in a settlement to pay a $1,000 fine and not to serve in the federal government for at least four years. She left her job at the Department of Housing and Urban Development at the end of Mr. Trump's term in January.

Until this misinformation is corrected, the statute of limitations to sue HUD, and Ms. Patton is tolled. See *Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985) and CDR Créances S.A.S. v Cohen 2014 NY Slip Op 03294 [23 NY3d 307]*. I will reiterate the complaint; I am disabled within the meaning of the ADA; I was denied a reasonable accommodation in violation of the Rehabilitation Act. When the Newburgh Housing Authority misinformed the prospective landlord that I had engaged in violent criminal conduct against the Newburgh Housing Authority and other government officials, that was in violation of the Fair Housing Act. As far as my federal civil suit *Lewis v. Newburgh Housing Authority 11Cv.3194*, and according to your case law history, I am entitled to the economic loss of the voucher since 2010, with the return of the voucher and stipulations. I am requesting the disclosure of any such derogatory information that Ms. Patton. is referring to. The defendants have violated my civil rights by handling my complaints with discriminatory practices in violation of the law.

According to recent Accomplishments of the Housing and Civil Enforcement Section of the U.S. Justice Department updated March 8th, 2023:

"The Housing and Civil Enforcement Section of the Civil Rights Division is responsible for the Department's enforcement of the Fair Housing Act (FHA), along with the Equal Credit Opportunity Act, the Servicemembers Civil Relief Act (SCRA), the land use provisions of the Religious Land Use and Institutionalized Persons Act (RLUIPA), Title II of the Civil Rights Act of 1964, and the Housing Rights subpart of the Violence Against Women Act Reauthorization Act of 2022 (VAWA 2022). Under the FHA, the Department of Justice may bring lawsuits where there is reason to believe that a person or entity is engaged in a "pattern or practice" of discrimination or where a denial of rights to a group of persons raises an issue of general public importance. The Department of Justice also brings cases where a housing discrimination complaint has been investigated by the Department of Housing and Urban Development, HUD has issued a charge of discrimination, and one of the parties to the case has "elected" to go to federal court. In FHA cases,

2

the Department can obtain injunctive relief, including affirmative requirements for training and policy changes, monetary damages and, in pattern or practice cases, civil penalties. Several cases we have filed or resolved recently exemplify our efforts to ensure the availability of the housing opportunities guaranteed by the Fair Housing Act." The complaints and settlement documents for the cases discussed in the text, as well as other cases handled by the Housing Section, can be found on the Housing Section's website at:
www.justice.gov/crt/about/hce/caselist.php.

## FAIR HOUSING AND RELATED LAWS

**Fair Housing Act**

*42 U.S.C. §§3601-19*

Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), as amended, prohibits discrimination in the sale, rental, and financing of dwellings, and in other housing-related transactions, because of race, color, religion, sex (including gender identity and sexual orientation), familial status, national origin, and disability. It also requires that all federal programs relating to housing and urban development be administered in a manner that affirmatively furthers fair housing.

**Title VI of the Civil Rights Act of 1964**

42 *U.S.C. § 2000d-1*

Title VI prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance.

Section 504 of the Rehabilitation Act of 1973

**29 U.S.C. *§ 794***

Section 504 prohibits discrimination based on disability in any program or activity receiving federal financial assistance.

Section 508 of the Rehabilitation Act of 1973

***29 U.S.C. § 794d***

Section 508 requires federal agencies to ensure that the electronic and information technology they develop, procure, or use allows individuals with disabilities to have ready access to and use of the information and data that is comparable to that of individuals without disabilities.

Title II of the Americans with Disabilities Act of 1990

3

*42 U.S.C. §§ 12131-12165*

Title II of the ADA prohibits discrimination based on disability in programs and activities provided or made available by public entities. HUD enforces Title II with respect to housing-related programs and activities of public entities, including public housing, housing assistance and housing referrals.

### Title III of the Americans with Disabilities Act of 1990

*42 U.S.C. § 12181-12189*

Title III of the ADA prohibits discrimination based on disability in the goods, services, facilities, privileges, advantages, and accommodations of places of public accommodations owned, leased, or operated by private entities. The Department of Justice enforces Title III of the ADA, but certain HUD recipients and private entities operating housing and community development programs are covered by Title III of the ADA.

### Architectural Barriers Act of 1968

*42 U.S.C. § 4151 et seq.*

The Architectural Barriers Act requires that buildings and facilities designed, constructed, altered, or leased with certain federal funds after September 1969 must be accessible to and useable by persons with disabilities.

Section 109 of Title I of the Housing and Community Development Act of 1974

*42 U.S.C. § 5309*

Section 109 prohibits discrimination on the basis of race, color, national origin, sex (including gender identity and sexual orientation), and religion in any program or activity funded in whole or in part under Title I of the Community Development Act of 1974, which includes Community Development Block Grants.

**Title IX of the Education Amendments Act of 1972**

*20 U.S.C. §§ 1681-83, 1685-88*

Title IX prohibits discrimination on the basis of sex (including gender identity and sexual orientation) in any education programs and activities that receive federal financial assistance. HUD enforces Title IX when it relates to housing affiliated with an educational institution.

**Violence Against Women Act**

*42 U.S.C. § 14043e–11*

VAWA provide housing protections for victims of domestic violence, dating violence, sexual assault, and stalking in many of HUD's housing programs. VAWA also requires the establishment of emergency transfer plans for facilitating the emergency relocation of certain tenants who are victims of domestic violence, dating violence, sexual assault, or stalking.

Age Discrimination Act

*42 U.S.C. §§ 6101 – 6107*

The Age Discrimination Act of 1975 prohibits discrimination on the basis of age in programs and activities receiving federal financial assistance.

Executive Orders

**Executive Order 11063**

Equal Opportunity in Housing

**Executive Order 11063,** issued on November 20, 1962, prohibits discrimination in the sale, leasing, rental, or other disposition of properties and facilities owned or operated by the federal government or provided with federal funds.

**Executive Order 12892**

Leadership and Coordination of Fair Housing in Federal Programs: Affirmatively Furthering Fair Housing

**Executive Order 12892,** issued on January 17, 1994, requires federal agencies to affirmatively further fair housing in their programs and activities, and provides that the Secretary of HUD will be responsible for coordinating the effort.

**Executive Order 12898**

Federal Actions to Address Environmental Justice in Minority Populations and Low-Income Populations

**Executive Order 12898,** issued on February 11, 1994, requires that each federal agency conduct its program, policies, and activities that substantially affect human health or the environment in a manner that does not exclude or otherwise subject persons to discrimination based on race, color, or national origin.

**Executive Order 13166**

Improving Access to Services for Persons With Limited English Proficiency Executive Order 13166, issued on August 11, 2000, requires each federal agency to take steps to ensure that eligible persons with limited English proficiency are provided meaningful access to all federally-assisted and federally-conducted programs and activities.

**Executive Order 13217**

Community Based Alternatives for Individuals With Disabilities **Executive Order 13217,** issued on June 18, 2001, requires federal agencies to evaluate their policies and programs to determine if any can be revised or modified to improve the availability of community-based living arrangements for persons with disabilities.

**Executive Order 13988**

Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation Executive Order 13988, issued on January 20, 2021, requires HUD to administer and fully enforce the Fair Housing Act to prohibit discrimination because of sexual orientation and gender identity.

## Regulations

Accessibility Standards for Design, Construction, and Alteration of Publicly Owned Residential Structures
24 C.F.R. part 40
Affirmative Fair Housing Marketing
24 C.F.R. part 108
24 C.F.R. part 110
24 C.F.R. part 200, subpart M
24 C.F.R. § 203.12(b)(3)
Affirmatively Furthering Fair Housing
24 C.F.R. §§ 5.150 – 5.168
Certification and Funding of State and Local Fair Housing Enforcement Agencies

24 C.F.R. part 115

Collection of Data

24 C.F.R. part 121

Discriminatory Conduct Under the Fair Housing Act

24 C.F.R. part 100

Equal Access Rule

24 C.F.R. § 5.105

24 C.F.R. § 5.106

Fair Housing Act Complaint Processing

24 C.F.R. part 103

Fair Housing Poster

24 C.F.R. part 110

Fair Housing Initiatives Program

24 C.F.R. part 125

Information and Communication Technology Standards and Guidelines

36 C.F.R. part 1194

Nondiscrimination and Equal Opportunity in Housing Under Executive Order 11063

24 C.F.R. part 107

Nondiscrimination Based on Handicap in Federally Assisted Programs and Activities of the Department of Housing and Urban Development

24 C.F.R. part 8

Nondiscrimination in Federally-Assisted Programs of the Department of Housing and Urban Development – Effectuation of Title VI of the Civil Rights Act of 1964

24 C.F.R. part 1

Nondiscrimination in Programs and Activities Receiving Assistance under Title I of the Housing and Community Development Act of 1974

24 C.F.R. part 6

Nondiscrimination on the Basis of Age in HUD Programs or Activities Receiving Federal Financial Assistance

24 C.F.R. part 146

Nondiscrimination on the Basis of Disability in State and Local Government Services

28 C.F.R. part 35

Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance

24 C.F.R. part 3

Protection for Victims of Domestic Violence, Dating Violence, Sexual Assault, or Stalking

24 C.F.R. §§ 5.2001 – 5.2011

*[signature]*

Subscribed and sworn to before me this, 13th Day of April 2023

*[signature]*

NOTARY PUBLIC

TANIA SILVA
Notary Public, State of New York
Reg. No. 01SI6425276
Qualified in Orange County
Commission Expires November 15, 2025

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                Plaintiff,

      -against-

CATHERINE O'HAGAN WOLFE,

                Defendant.

21-CV-6949 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On October 14, 2021, the Court (1) dismissed the action under the doctrine of judicial immunity and as frivolous, (2) noted that after Plaintiff was barred under 28 U.S.C. § 1915(g), she had filed an additional 26 cases, and (3) ordered Plaintiff, within thirty days, to show cause by declaration why she should not be barred from filing further actions *in forma pauperis* ("IFP") in this court, without prior permission. Plaintiff filed a declaration on November 2, 2021, but she does not address why the bar order should not be imposed. She instead reasserts her claims against Defendant. Accordingly, the bar order will issue.

## CONCLUSION

    The Court hereby bars Plaintiff from filing future civil actions IFP in this court without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of her proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

    Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk is directed to close this action and terminate any motions in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: November 16, 2021
       New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

Regina Lewis
21 Kemmey Ct.
Newburgh NY 12550




RDC 99     10007

U.S. POSTAGE PAID
FCM LG ENV
NEWBURGH, NY
12550
APR 13, 23
AMOUNT
$1.98
R2305K135884-95

Pro Se
U.S. District Court
500 Pearl St.
New York, NY 10007

USM P3
SDNY